■ In the Matter of the Claim of HANEL HANSON, Appellant. BORO RECYCLING, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [679 NYS2d 438] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 30, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment at a bottle recycling plant for allegedly participating in a scheme wherein deposit bottles were segregated and sold to a third party who would also claim a reimbursement for the return of the bottles. Thereafter the parties entered into an agreement whereby claimant was rehired at a different location without back pay, but claimant became dissatisfied with the terms of the agree-

ment. An ensuing arbitration hearing, at which the parties had a full and fair opportunity to litigate the issue of claimant's misconduct, resulted in a finding that claimant served as a lookout while his co-workers segregated the bottles for the unauthorized transfers and, therefore, claimant was properly discharged. The Unemployment Insurance Appeal Board, bound by the arbitrator's findings of fact (see, Matter of Obafemi [Commissioner of Labor], 250 AD2d 905), concluded that claimant's actions constituted disqualifying misconduct. We affirm. Substantial evidence supports the Board's decision that claimant's act of assisting in misappropriating property rose to the level of disqualifying misconduct under the circumstances presented here (see, e.g., Matter of Mallard [Sweeney], 245 AD2d 932; Matter of Dendy [Hartnett], 172 AD2d 936).

Mikoll, J. P., Mercure, Crew III, White and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.